WO                                                                                     SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Karl L. Guillen, | ) | No. CV 10-0809-PHX-MHM (LOA) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles Ryan, | ) | |
| Respondent. | ) | |

Petitioner Karl L. Guillen, who is confined in the Arizona State Prison Complex, Special Management Unit I (SMU I), in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the $5.00 filing fee. (Doc.# 5.) Petitioner has filed a motion for status, which will be granted to the extent set forth herein and otherwise denied. (Doc.# 6.) The Court will dismiss the Petition and this action.

**I.     Petition**

Petitioner is an Arizona state inmate serving a 20-year sentence for second-degree murder pursuant to a plea agreement entered in Pinal County Superior Court. See State v. Guillen, No. 2-CA-CR 2009-0411-PR, 2010 WL 1511555 at *1 (Ariz. Ct. App. Apr. 15, 2010). In the Petition in this case, Petitioner seeks relief concerning his conditions of confinement, which he contends have caused an "aggregate change in duration of sentence." (Doc.# 1 at 1.) Petitioner names Charles Ryan, the Director of the Arizona State Department

of Corrections, as Respondent.

**II.     Relief Pursuant to § 2241 is Unavailable for a State Conviction or Sentence**

At the outset of a case, a district court must determine whether it has jurisdiction over a petition filed by a prisoner under § 2241. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Further, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see also 28 U.S.C. § 2243.[1] If the petitioner is not entitled to relief, the petition must be summarily dismissed. Id.; Obremski v. Maass, 915 F.2d 418 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law, but relying upon Rule 4 rather than Rule 12(b)(6)).

Section 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention, even when the petition only challenges the execution of the sentence and not the underlying conviction itself. White v. Lambert, 370 F.3d 1002, 1005, 1009 (9th Cir. 2004) (adopting the majority view that distinguishes between a *federal* prisoner's ability to resort to § 2241 to attack the execution of a sentence and the structural differences in the habeas statutes that make a state prisoner's resort to § 2241 improper to challenge the execution of a state sentence). Petitioner may not, therefore, obtain habeas relief as to the execution of his Arizona state sentence under § 2241. Accordingly, to the extent that Petitioner seeks relief pursuant to § 2241 as to his state conviction, his Petition and this action will be summarily dismissed.

**III.    Failure to State a Cognizable Claim Under 28 U.S.C. § 2254**

Petitioner also fails to state a cognizable claim for habeas relief under § 2254. To seek relief regarding conditions of confinement, Petitioner must file an action pursuant to 42

---

[1] Rule 4 of the Rules Governing Section 2254 Cases may be applied to habeas corpus petitions other than those brought under § 2254. See Rule 1(b), Rules Governing Section 2254 Cases.

U.S.C. § 1983; he may not seek such relief pursuant to habeas corpus. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the] core [of habeas relief] and may be brought pursuant to § 1983"); Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on the circumstances of confinement may be presented in a § 1983 action."); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (a civil rights action is the proper method to challenge conditions of confinement)). Because Petitioner solely seeks relief as to the conditions of confinement, he fails to state a cognizable habeas claim pursuant to § 2254. Accordingly, the Petition and this action will be dismissed for failure to state a cognizable basis for habeas relief to the extent that relief is sought under 28 U.S.C. § 2254.

**IT IS ORDERED:**

(1) Petitioner's motion for status is **granted** to the extent the status is set forth herein and otherwise **denied**. (Doc.# 6.)

(2) Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is **denied** and this action **dismissed** without leave to amend. (Doc.#1.)

(3) The Clerk must enter judgment accordingly.

DATED this 9th day of July, 2010.

_____
Mary H. Murguia
United States District Judge